IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| OKECHUKWU IWUJI, #34375-509, | Civil No. 25-00243 MWJS-WRP |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Pro se Plaintiff Okechukwu Iwuji brings this lawsuit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. He alleges in his complaint that Federal Bureau of Prisons (BOP) officials in Florida, Guam, and Hawai‘i failed to prevent him from contracting tuberculosis and to provide him with medical treatment for nearly a year after he caught the disease.[1] Dkt. No. 1. These allegations are serious and, if true, certainly concerning. After conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, however, the court concludes that Iwuji must provide additional information before any of his claims can proceed.

---

[1]      Iwuji is currently incarcerated at Federal Correctional Institution Coleman Low (FCI Coleman) in Sumterville, Florida. *See* Dkt. No. 1-2, at PageID.8; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "34375-509" in "Number" field; and select "Search") (last visited Oct. 17, 2025).

If Iwuji wants to pursue a claim for damages against the United States based on events that occurred at the Federal Detention Center in Honolulu, Hawaiʻi (FDC Honolulu), he must file an amended pleading on or before November 24, 2025, that satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Iwuji must clarify which BOP officials at FDC Honolulu acted negligently, and how and when they did so. To the extent Iwuji also seeks to assert claims against the United States based on events that occurred in Florida and Guam, unless Iwuji can allege further facts showing that venue is proper in this district, it appears that those claims belong in the United States District Court for the Northern District of Florida and the District Court of Guam, respectively. Iwuji is welcome to move the court to sever from this lawsuit his claims based on events in Florida and Guam, and for the court to transfer those claims to the appropriate districts. Otherwise, those claims are subject to dismissal. Failure to comply with the court's instructions will result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) and could count as a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND

The complaint alleges the following facts, which the court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On July 6, 2023, after being sentenced in the Middle District of Florida, Iwuji was remanded to the custody of the United States Marshal. Dkt. No. 1, at PageID.1; *see also* Judgment

in a Criminal Case, *United States v. Iwuji*, No. 21-cr-97 (M.D. Fla. July 6, 2023), Dkt. No.

103.  At the time, Iwuji had not tested positive for tuberculosis.  Dkt. No. 1, at PageID.2.

Initially, Iwuji was housed at a jail in Orlando, Florida.[2]  *Id.*  He was transferred

to the Federal Detention Center in Tallahassee, Florida (FDC Tallahassee) on July 27,

2023.  *Id.*  While at FDC Tallahassee, Iwuji was exposed to tuberculosis, but he did not

receive any medical care.[3]  *Id.*

After being transferred from FDC Tallahassee on August 14, 2023, Iwuji arrived

at a federal detention center in Guam on August 16.  *Id.*  While in Guam, Iwuji tested

positive for tuberculosis.  *Id.*  When Iwuji requested medical care from BOP staff, he

was told that treatment would be provided at his "final destination."  *Id.*  Iwuji repeated

his request for medical treatment, but those requests were denied.  *Id.*  Iwuji was

harassed, ridiculed, and abused by other inmates because of his diagnosis and the

visible effects the disease had on his face.  *Id.*

In January 2024, Iwuji was transferred from Guam to FDC Honolulu.  *Id.*  Iwuji

also requested medical care from BOP staff at FDC Honolulu, but he was again told that

treatment would be provided at his final destination.  *Id.* at PageID.3.  Iwuji repeatedly

asked for medical care at FDC Honolulu, but those requests were denied.  *Id.*  While

---

[2]    Iwuji refers to the facility as the "Orlando County Jail," but he might be referring
to the "Orange County Jail" located in Orlando, Florida.

[3]    Iwuji does not say if he experienced any symptoms or requested medical
treatment while at FDC Tallahassee.

there, Iwuji was ostracized and "treated like a leper" because of the spreading effects on his face. *Id.* Despite "his many requests" to BOP staff at FDC Honolulu, Iwuji did not receive any treatment for his tuberculosis before he was transferred to FCI Coleman in July 2024—that is, approximately six months after he had arrived in Hawaiʻi. *Id.* Once at FCI Coleman, around eleven months after testing positive for tuberculosis, Iwuji began receiving treatment. *Id.*

Iwuji has experienced long-term issues because of the delayed treatment. *Id.* at PageID.4. These issues include skin lesions, scarring, destruction of skin tissue, vision loss, low iron, fatigue, and pain in his legs. *Id.* Iwuji has also experienced "mental and psychological harm." *Id.*

Based on these events, Iwuji filed an administrative claim with the BOP. *Id.* at PageID.4. Iwuji did not receive a response from the BOP, and he commenced this lawsuit by filing a complaint. Dkt. No. 1-2, at PageID.8. The complaint includes two counts: (1) a negligence claim based on the failure to treat Iwuji's tuberculosis between July 2023 and July 2024 (Count I); and (2) a negligence claim based on the BOP's failure to prevent the spread of tuberculosis among inmates at FDC Tallahassee (Count II). *Id.* at PageID.5-6. Iwuji seeks, among other things, $4.5 million in damages on each count. *Id.* The court granted Iwuji in forma pauperis status on October 8, 2025. Dkt. No. 13.

//

//

## DISCUSSION

**A.    Mandatory Screening of Iwuji's Complaint**

The court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  If a complaint does not survive screening, the court must nonetheless grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however,

dismissal without leave to amend is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### B.    Legal Framework for Iwuji's Negligence Claims Under the FTCA

The FTCA waives the United States' sovereign immunity for tort claims arising out of negligent conduct of federal government employees acting within the scope of their employment.  *Morales v. United States*, 895 F.3d 708, 713 (9th Cir. 2018).  "This waiver allows the government to be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Id.* (quoting 28 U.S.C. § 1346(b)(1)).

The Supreme Court has explained that an FTCA claim is actionable if it alleges the following six elements:  (1) it is against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any federal government employee; (5) while the employee was acting within the scope of their office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *Brownback v. King*, 592 U.S. 209, 212, 141 S. Ct. 740, 746 (2021).

To the extent Iwuji asserts in Count I an FTCA claim against the United States based on the alleged negligence of BOP officials at FDC Honolulu, that claim is governed by Hawaiʻi law.  *See* 28 U.S.C. § 1346(b)(1).  A negligence claim in Hawaiʻi has

6

four elements: (1) the existence of a duty or obligation, recognized by law, requiring the

defendant to conform to a certain standard of conduct, for the protection of others

against unreasonable risks; (2) a breach of the duty, that is, a failure to conform to the

required standard; (3) a reasonably close causal connection between the breach and the

resulting injury; and (4) actual loss or damages.[4]  *Goran Pleho, LLC v. Lacy*, 144 Hawai'i

224, 238 n.10, 439 P.3d 176, 190 n.10 (2019); *Thomas v. Williams*, Civil No. 25-00118, 2025

WL 1040821, at *3 (D. Haw. Apr. 8, 2025).

## C.    Iwuji Must Allege Additional Facts to Meet the Requirements of Rule 8

In evaluating whether a complaint states a valid claim for screening purposes,

courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil

Procedure.  *See Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) ("Rule 12(b)(6) is

read in conjunction with Rule 8(a). . . .").  Under Rule 8, a complaint must include a

"short and plain statement of the claim showing that the pleader is entitled to relief."

FED. R. CIV. P. 8(a)(2).  The rule thus "requires that the allegations in the complaint give

---

[4]      Twice in the complaint, Iwuji also refers to "medical malpractice."  *See* Dkt. No. 1, at PageID.1.  Under Hawai'i law, a medical negligence claims requires:  (1) that a health care provider defendant; (2) acting in the defendant's professional capacity; (3) committed a negligent act or omission; (4) which was a substantial factor in bringing about; (5) the death of, or injury or other damage to, a patient.  *Est. of Frey v. Mastroianni*, 146 Hawai'i 540, 550-51, 463 P.3d 1197, 1207-08 (2020).  At this point, however, Iwuji has not alleged that he ever communicated with a health care provider at FDC Honolulu.

7

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (cleaned up).

Here, Iwuji alleges that he arrived at FDC Honolulu in January 2024, after testing positive for tuberculosis in Guam. Dkt. No. 1, at PageID.2. When Iwuji requested medical care from BOP officials at FDC Honolulu, he was told that treatment would be provided at his final destination. *Id.* at PageID.3. Iwuji repeated his request, but his tuberculosis went untreated the entire time he was at FDC Honolulu, a period spanning approximately six months. *Id.* During this time, Iwuji was harassed, ridiculed, and abused by other inmates because of his worsening condition. *Id.* Iwuji experienced skin lesions, scarring, destruction of skin tissue, loss of vision, low iron, fatigue, and pain in his legs, in addition to mental and psychological harm. *Id.*

These allegations are serious and, if true, certainly concerning. But before any claim based on the events at FDC Honolulu can proceed, Iwuji must provide some additional information to satisfy the requirements of Rule 8. For example, Iwuji should say to whom he communicated his requests, when he did so, what he said to them, and how they responded. *See Smith v. Legacy Partners Inc.*, No. 21-cv-00629, 2022 WL 1214411, at *2 (W.D. Wash. Apr. 25, 2022) (stating that Rule 8 requires "facts describing what happened, when it happened, how [the plaintiff] was harmed, and who caused [that] harm"). To the extent Iwuji alleges that he "repeated his request for treatment," Dkt. No. 1, at PageID.3, he should say how many times he did so, when this occurred,

and with whom he communicated. *See, e.g., D.D. v. United States*, No. 22-cv-00061, 2024

WL 2010229, at *11 (C.D. Cal. Jan. 22, 2024) (dismissing FTCA claim where plaintiff did

not "specifically identify what negligent act each individual is alleged to have

performed"), *report and recommendation adopted*, No. 22-cv-00061, 2024 WL 1580189 (C.D.

Cal. Apr. 10, 2024). If Iwuji can submit an amended pleading, meeting Rule 8's

pleading standard, his negligence claim based on events at FDC Honolulu will proceed

past screening.

### D.    Iwuji's Claims Based on Events in Florida and Guam May Belong in Other Districts

Venue "determines *which* federal court—usually meaning which federal

district—should hear [a] case." 14D WRIGHT & MILLER'S FEDERAL PRACTICE AND

PROCEDURE § 3801 (4th ed. September 2025 update). In determining whether venue is

proper in a particular district, courts are guided by 28 U.S.C. § 1391, unless a specific

venue provision applies. *See Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587-88

(9th Cir. 1991) (per curiam) (stating that a specific venue provision applies over a

general one). A specific venue provision applies in FTCA cases. That provision

provides that "[a]ny civil action on a tort claim against the United States under

subsection (b) of section 1346 of this title may be prosecuted only in the judicial district

where plaintiff resides or wherein the act or omission complained of occurred." 28

U.S.C. § 1402(b).

Even when a defendant has not yet filed a responsive pleading, the court can

raise the issue of venue on its own. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.

1986). And the plaintiff carries the burden of showing that venue is proper. *See*

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When

venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." 28 U.S.C.

§ 1406(a).

Venue is proper in this district for Iwuji's claims in Count I that are based on

events that occurred at FDC Honolulu because the alleged acts or omissions occurred in

Hawaiʻi. *See, e.g., Benitez v. United States*, No. 13-cv-2428, 2013 WL 6243880, at *1 (E.D.

Cal. Dec. 3, 2013) (transferring to the District of Hawaiʻi an FTCA action that was based

on events at FDC Honolulu). Other parts of Count I, however, are based on events that

occurred at FDC Tallahassee and in Guam, and all of Count II is based on events at FDC

Tallahassee. *See* Dkt. No. 1, at PageID.1-6. Without additional facts demonstrating that

venue is proper in this district—for example, a showing that Iwuji is a resident of

Hawaiʻi—those claims in Count I based on events in Florida and Guam, and all of

Count II, must be dismissed, unless transferring the claims to another district would be

in the interest of justice.[5] Of course, Iwuji may move to sever his claims that are based

---

[5]    Iwuji's residency is not determined solely by his place of incarceration. *See Cohen
v. United States*, 297 F.2d 760, 774 (9th Cir. 1962) ("One does not change his residence to

10

on events at FDC Tallahassee and in Guam, and may ask the court to transfer those claims to the United States District Court for the Northern District of Florida and the District Court of Guam, respectively.  If Iwuji chooses not to do so, these claims may be dismissed.

### E.    Iwuji is Granted Leave to Amend the Complaint

Because it is possible Iwuji could cure the identified deficiencies in his claims, the court grants him leave to amend.  In his amended pleading, Iwuji may not expand his claims beyond what he has already alleged or add new claims—at least not without explaining how those new claims relate to those he has raised in this initial complaint.  Claims that do not properly relate to those in this complaint are subject to dismissal.

If Iwuji chooses to amend his complaint, he must do so on or before November 24, 2025.  Iwuji must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi.  Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on this court's prisoner civil rights form.  *See* LR 99.2(a).  An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Claims not

---

the prison by virtue of being incarcerated there."); *see also Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A]n incarcerated person resides in the district where he was legally domiciled before his incarceration.").

realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2017).

In any amended complaint, Iwuji must say when the events allegedly occurred. He must also specify what each BOP official did or failed to do. Finally, to the extent that Iwuji's claims involve events at facilities in Florida, Guam, and Hawai'i, each claim should be stated in a separate count. For example, claims based on a failure to provide medical care in Guam should be separated from claims based on a failure to provide medical care at FDC Honolulu.

### F.    Strikes Under 28 U.S.C. § 1915(g)

If Iwuji fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, a subsequent dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "three-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If, however, Iwuji decides to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and does so on or before November 24, 2025, such dismissal will not count as a strike against him.

## <u>CONCLUSION</u>

(1)  The complaint, Dkt. No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

(2)  Iwuji is GRANTED leave to amend and must file any amended pleading on or before November 24, 2025.

(3)  If Iwuji cannot demonstrate that venue is proper in this district for his claims that are based on events that occurred in Florida and Guam, he can move to sever those claims and for the court to transfer them to the appropriate district.

(4)  Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Iwuji may incur a strike under 28 U.S.C. § 1915(g).

(5)  ALTERNATIVELY, Iwuji may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before November 24, 2025, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6)  The Clerk is DIRECTED to send Iwuji a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

//

//

//

//

13

IT IS SO ORDERED.

DATED:  October 24, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00243 MWJS-WRP; *Okechukwu Iwuji v. United States of America*; ORDER
DISMISSING COMPLAINT WITH LEAVE TO AMEND

14