IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OKECHUKWU IWUJI, #34375-509,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil No. 25-00243 MWJS-WRP<br><br>ORDER SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE |

# INTRODUCTION

Plaintiff Okechukwu Iwuji brought this lawsuit under the Federal Tort Claims Act (FTCA), alleging that Federal Bureau of Prisons (BOP) officials in Florida, Guam, and Hawaiʻi failed to prevent him from contracting tuberculosis and to provide him with medical treatment for nearly a year after he caught the disease.  Dkt. No. 1.  After conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the court concluded that Iwuji's complaint did not adequately identify to whom he had made requests for treatment, when he made those requests, and how those individuals responded.  The court also noted that the District of Hawaiʻi might not be the appropriate venue for alleged conduct in Florida and Guam.  Recognizing that Iwuji could possibly cure the deficiencies in his complaint, the court granted him leave to amend.

Iwuji has now timely filed a First Amended Complaint, or "FAC." Dkt. No. 17. The FAC limits its allegations to the alleged negligent failure to treat his tuberculosis while Iwuji was incarcerated at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu").[1] It also alleges the specific individuals Iwuji allegedly sought treatment from, and alleges that each refused to provide him treatment. Given these additional allegations, the court concludes that the FAC states plausible negligence claims under the FTCA that require a response from Defendant United States of America, and therefore directs service of the FAC.

## BACKGROUND

### A.     The FAC's Factual Allegations

Iwuji alleges the following facts in the FAC, which the court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On July 6, 2023, after being sentenced in the Middle District of Florida, Iwuji was remanded to the custody of the United States Marshal. Dkt. No. 17, at PageID.125; *see also* Judgment in a Criminal Case, *United States v. Iwuji*, No. 21-cr-97 (M.D. Fla. July 6, 2023), Dkt. No. 103. At the time, Iwuji had not tested positive for tuberculosis. Dkt. No. 17, at PageID.126.

---

[1]     Iwuji is currently incarcerated at Federal Correctional Institution Coleman Low ("FCI Coleman") in Sumterville, Florida. *See* Dkt. No. 17-1, at PageID.131; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "34375-509" in "Number" field; and select "Search") (last visited Dec. 2, 2025).

Initially, Iwuji was housed at a jail in Orlando, Florida.[2] *Id.*  He was transferred to the Federal Detention Center in Tallahassee, Florida (FDC Tallahassee) on July 27, 2023.  *Id.*  While at FDC Tallahassee, Iwuji was exposed to tuberculosis.[3]  *Id.*  Iwuji was moved from FDC Tallahassee on August 14, 2023,[4] and he arrived at a federal detention center in Guam on August 16.  *Id.*  While in Guam, Iwuji tested positive for tuberculosis.  *Id.*  When Iwuji requested medical care from BOP staff, he was told that treatment would be provided at his "final destination."  *Id.*

In January 2024, Iwuji was transferred from Guam to FDC Honolulu.  *Id.*  He requested medical care from various officials at FDC Honolulu on at least five occasions.  Iwuji spoke with Trevor Lidge and Francis Nielsen on January 26; with Lidge again on February 5; with Lidge and Dr. Seyed Hosseini on February 6; with Dr. Keith Tang on February 20; and with Kevin Kiamfor on March 26.  *Id.* at PageID.126-27.  During each of these conversations, when Iwuji requested treatment for his tuberculosis, he was told that he would be treated at his "final destination."  *Id.*  Iwuji

---

[2]     Iwuji refers to the facility as the "Orlando County Jail," but he might be referring to the "Orange County Jail" located in Orlando, Florida.

[3]     Iwuji does not say if he experienced any symptoms or requested medical treatment while at FDC Tallahassee.

[4]     In the FAC, Iwuji alleges that he was transferred on August 24, 2023.  Dkt. No. 17 at PageID.126.  This appears to be a typographical error.  In the original complaint, Iwuji alleged that he was transferred on August 14, 2023. Dkt. No. 1 at PageID.2.  This earlier date appears to be the correct one because in both pleadings Iwuji alleges that he arrived in Guam on August 16, 2023.  *Id.*; Dkt. No. 17 at PageID.126.

did not receive any treatment for his tuberculosis at FDC Honolulu before he was transferred to FCI Coleman in July 2024—that is, approximately six months after he had arrived in Hawaiʻi. *Id.* at PageID.128.

Iwuji has experienced long-term issues because of the delayed treatment, including skin lesions, scarring, destruction of skin tissue, vision loss, low iron, fatigue, and pain in his legs. *Id.* He has also experienced "mental and psychological harm." *Id.*

### B. Procedural History

Iwuji alleges that he filed an administrative claim with the BOP. *Id.* at PageID.129. After he did not receive a response from the BOP, *id.*, he commenced this lawsuit. *See* Dkt. No. 1. Iwuji's original complaint challenged alleged conduct not only in Hawaiʻi, but also in Florida and Guam. *Id.*

The court granted Iwuji in forma pauperis status because Iwuji had demonstrated that he could not afford to immediately pay the court filing fee. Dkt. No. 13. But after conducting the required screening, the court dismissed Iwuji's original complaint, noting that he had not identified "to whom he communicated his requests, when he did so, what he said to them, and how they responded." Dkt. No. 14, at PageID.112. The court also noted that "unless Iwuji can allege further facts showing that venue is proper in this district," claims based on events that occurred in Florida and Guam should be brought in courts in those places. *Id.* at PageID.106. Nonetheless,

4

because it was possible that Iwuji could cure these identified deficiencies in his claims, the court granted Iwuji leave to amend. *Id.*

Iwuji then timely filed the FAC. Dkt. No. 17. The FAC trains its focus on negligence claims against the United States, brought pursuant to the FTCA, based on the medical care that Iwuji received specifically at FDC Honolulu. *Id.* at PageID.129-30. And as noted above, *see supra* p.3, it also specifically identifies the individuals at FDC Honolulu with whom Iwuji interacted. The FAC seeks, among other things, $4.5 million in damages. *Id.* at PageID.130.

## DISCUSSION

### A.    Mandatory Screening of Iwuji's Amended Complaint

The court is required to screen all in forma pauperis prisoner complaints filed against government officials under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam). The court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). But claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d

5

1037, 1039 (9th Cir. 2015) (per curiam). Under the Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (cleaned up). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct. *See id.*

### B. Iwuji's Negligence Claims Under the FTCA

The FTCA waives the United States' sovereign immunity for tort claims arising out of negligent conduct of federal government employees acting within the scope of their employment. *Morales v. United States*, 895 F.3d 708, 713 (9th Cir. 2018). "This waiver allows the government to be sued 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)).

The Supreme Court has explained that an FTCA claim is actionable if it alleges the following six elements: (1) it is against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any federal government employee; (5) while the employee was acting within the scope of their office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred. *Brownback v. King*, 592 U.S. 209, 212, 141 S. Ct. 740, 746 (2021).

In this case, Iwuji asserts FTCA negligence claims against the United States based on the medical care that he received at FDC Honolulu. Dkt. No. 17 at PageID.129-30. These claims are governed by Hawaiʻi law. *See* 28 U.S.C. § 1346(b)(1). A negligence claim in Hawaiʻi has four elements: (1) the existence of a duty or obligation, recognized by law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a breach of that duty, that is, a failure to conform to the required standard; (3) a reasonably close causal connection between the breach and the resulting injury; and (4) actual loss or damages. *Goran Pleho, LLC v. Lacy*, 144 Hawaiʻi 224, 238 n.10, 439 P.3d 176, 190 n.10 (2019); *Thomas v. Williams*, Civil No. 25-00118, 2025 WL 1040821, at *3 (D. Haw. Apr. 8, 2025).

The FAC specifically identifies the individuals Iwuji alleges failed to provide him adequate care. It alleges that Iwuji asked Lidge, Nielsen, Dr. Hosseini, Dr. Tang, and Kiamfor to treat his tuberculosis at various times between January 26, 2024, and March 26, 2024, and that each refused. Dkt. No. 17 at PageID.126-28. It further alleges that, during this period, Iwuji's symptoms worsened. *Id.* at PageID.127. Because of the delayed treatment, Iwuji allegedly has experienced long-term issues that include skin lesions, scarring, destruction of skin tissue, vision loss, low iron, fatigue, and pain in his legs. *Id.* at PageID.128. These allegations are sufficient to state a claim of negligence

under Hawaiʻi law, and Iwuji's claims in Count I based on his experiences at FDC Honolulu therefore may proceed.

## CONCLUSION

(1) Iwuji's negligence claims in Count I against the United States based on the medical care that he received at FDC Honolulu may proceed.

(2) The United States Marshal is ORDERED to serve the FAC, Dkt. No. 17, and a summons on the United States, as directed by Iwuji, according to the requirements of Federal Rule of Civil Procedure 4(i). After service is perfected, the United States shall file a responsive pleading within the time allowed under Fed. R. Civ. P. 12.

## SERVICE ORDER

IT IS HEREBY ORDERED:

(1) The Clerk is directed to send to Iwuji two copies of the FAC, Dkt. No. 17; two completed summonses; and two USM-285 forms with instructions.

(2) The Clerk shall also send a copy of this Order to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(3) Iwuji shall complete one set of forms for delivery to the United States Attorney's Office for the District of Hawaiʻi and another set of forms for the United States Attorney General. Iwuji shall send the following to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850: two completed USM-285 forms (one for the United States Attorney's Office for the District of Hawaiʻi and another for the United States Attorney

8

General); two copies of the FAC, Dkt. No. 17; and the two completed summonses. For purposes of completing the forms, the mailing address for the United States Attorney's Office for the District of Hawaiʻi is: 300 Ala Moana Boulevard, #6-100, Honolulu, HI 96850. And the mailing address for the United States Attorney General is: U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530.

(4) Upon receipt of these documents from Iwuji, the U.S. Marshal shall deliver a copy of the completed summons and the FAC, Dkt. No. 17, to the United States Attorney for the District of Hawaiʻi and the Attorney General of the United States as directed by Iwuji without payment of costs.

(5) Iwuji is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(6) The United States shall respond to the FAC, Dkt. No. 17, within the time set forth in Federal Rule of Civil Procedure 12.

(7) Iwuji shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(8)  After the FAC, Dkt. No. 17, is served and the United States has filed an answer or responsive pleading, Iwuji's documents will be deemed served when they are electronically filed by the court.  The United States Marshal is not responsible for serving these documents on Iwuji's behalf.

(9)  Until the FAC, Dkt. No. 17, is served and the United States responds, Iwuji SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the court.

IT IS SO ORDERED.

DATED:  December 3, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00243 MWJS-WRP; *Okechukwu Iwuji v. United States of America*; ORDER SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE

10